UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROCKIE AUDRICT                                    CIVIL ACTION NO.

VERSUS

NATIONAL RAILROAD PASSENGER                       SECTION:
CORPORATION, ALABAMA GREAT
SOUTHERN RAILROAD COMPANY,
RANDALL E. BRAY, TEXTRON, INC.                    MAGISTRATE:
D/B/A TEXTRON MARINE AND LAND
SERVICES, LIBERTY MUTUAL INSURANCE
COMPANY

■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·■·

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes petitioner, Rockie Audrict, a

person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who

respectfully represents:

1.

Made defendants herein are:

A.  National Railroad Passenger Corporation d/b/a Amtrak (hereinafter "Amtrak"), a

foreign corporation authorized to do and doing business within the confines of the

United States District Court in the Eastern District of Louisiana;

B.  Alabama Great Southern Railroad Company, a foreign business licensed to do and

doing business in the Parish of St. Tammany, State of Louisiana;

C.  Randall E. Bray, a person of the full age of majority and a resident of the Parish of St.

Tammany, State of Louisiana;

D.  Textron Inc. d/b/a/ Textron Marine and Land Services (hereinafter "Textron"), a foreign business, licensed to do and doing business in the Parish of St. Tammany, State of Louisiana;

E.  Liberty Mutual Insurance Company, a foreign insurance company licensed to do and doing business in the Parish of St. Tammany, State of Louisiana.

Said defendants are liable to petitioner jointly, severally and in solido for reasonable damages.

## 2.

Jurisdiction is vested in this Honorable Court by virtue of 28 U.S.C. §§ 1331 and 1349 for all claims against the National Railroad Passenger Corporation because Amtrak is a federally chartered corporation, with more than half of its capital stock owned by the United States of America. This Court has jurisdiction under 28 U.S.C. § 1367 for all claims against the other defendants as these claims form part of the same case or controversy under Article III of the United States Constitution.  This Court also has jurisdiction against these other defendants under the diversity jurisdiction of 28 U.S.C. § 1332.

## 3.

Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(2) since the events that gave rise to this claim occurred in the Parish of St. Tammany, State of Louisiana which is within the Eastern District of Louisiana.

## 4.

On or about April 20, 2011 at approximately 8:00 a.m., petitioner Rockie Audrict was a guest passenger on an Amtrak train passenger car (Amtrak Train No. 20 known as the 'Crescent"), which was traveling north toward the railroad grade crossing located at a private

road, known as Cleveland Avenue, in Slidell, Louisiana, said crossing having been assigned DOT No. 725-160T.  Suddenly and without warning, a violent collision occurred between the train and a 2008 Kenworth Tractor towing a 2011 TRK Lowboy that was owned by defendant, Textron and/or DL Peterson Trust and operated with permission by defendant Randall E. Bray, which was on the railroad tracks.  Said collision caused the train to derail from its tracks.

5.

At all times relevant herein, defendant Alabama Great Southern Railroad Company was a wholly owned subsidiary of Norfolk Southern Railroad and Alabama Great Southern Railroad Company owned and/or maintained the tracks in the area where the accident occurred.  This area is sometimes referred to as the "Alabama Division Line" of Norfolk Southern.

6.

At all times relevant herein, defendant Randall E. Bray, was in the course and scope of his employment with defendant, Textron and/or DL Peterson Trust, which is/are vicariously liable for his negligence.

7.

At all times relevant herein, Liberty Mutual Insurance Company, was the liability insurer for defendants Randall E. Bray and Textron and/or DL Peterson Trust, who had provided a policy of liability insurance on the vehicle in question on the date of this accident.  Said defendant is therefore liable for all damages to petitioner Rockie Audrict, arising out of their negligence and/or the negligence of their employees.

8.

As a result of this accident, petitioner Rockie Audrict, was caused severe and painful

personal injury, including but not limited to injury to his neck, mid and low back, shoulders, knee and upper and lower extremities.

9.

The above described accident and injuries to petitioner Rockie Audrict, was proximately caused by the negligence of defendant Randall E. Bray, including but not limited to the following acts and omissions:

a.   Failure of driver to maintain proper control of the vehicle;

b.   Failure to maintain proper lookout;

c.   Failure to yield right of way;

d.   Operation of a vehicle in a careless and reckless manner;

e.   Failure to use reasonable vigilance;

f.   Failure to heed the warning signs or devices at or near the railroad crossing;

g.   Failure to heed the plan and audible warning horn or whistle given as the train approached;

h.   Violation of federal and state statues related to traffic, tractor trailers and railroad crossings which amounts to negligence per se;

i.   Failure to obey the traffic laws of the Parish of St. Tammany, State of Louisiana, which are pleaded herein by reference, including but not limited to, LSA R.S. 32:171 and all other federal and state laws and regulations with respect to motor carriers and/or railroad crossings.

j.   Other acts of negligence which will be proven at the trial of this matter.

10.

Alternatively and in addition to the above described allegations of negligence, the injuries

to petitioner Rockie Audrict were also proximately caused by the negligence of defendant Amtrak, including but not limited to the following acts and omissions:

a. Failing to maintain a proper lookout;

b. Operation of a train in a careless and reckless manner;

c. Failure to use reasonable vigilance;

d. Failure to blow a horn or whistle to warn motorists of the train's approach;

e. Failure to obey federal and state laws and regulations regarding the duties of a train operator when operating a train and when approaching a crossing, which are pleaded herein by reference, including but not limited to the Federal Railway Safety Act (49 U.S.C. § 20101, et seq.) 49 C.F.R. Part 212 and Title 45, Chapter 6 of the Louisiana Revised Statutes;

f. Failure to remove obstructions which interfered with the public's view of the track;

g. Failure to install and/or maintain all required warnings, cross bucks, signs, and lights along the track;

h. Failure to maintain a smooth crossing surface for vehicle to traverse;

i. Failure to remedy a dangerous condition and awareness of special dangers of said accident site;

j. Failure to obey federal and state laws and regulations regarding the duties of train operators and/or track and railroad crossing owners, which are pleaded herein by reference, including, but not limited to, the Federal Railway Safety Act (49 U.S.C. § 20101, et seq.) 49 C.F.R. Part 212 and Title 45, Chapter 6 of the Louisiana Revised Statutes;

k.  Failure to apply adopted standards and recognized best practices relative to this railway crossing;

l.  Failure to provide and/or maintain required and/or adequate sight distances at this railway crossing;

m.  Failure to maintain the trees and vegetation at this railway crossing such that the view of motorists approaching the crossing was not obstructed;

n.  Failure to install active controls at this railway crossing or, alternatively, failure to close this crossing, or to implement designations, rules, and/or procedures to ameliorate the danger to motorists;

o.  Other acts of negligence, which will be proven at the trial of this matter.

11.

In the further alternative and in additions to the allegations of negligence above, the above described accident and injuries to petitioner Rockie Audtrict, was also proximately caused by the negligence of defendant Alabama Great Southern Railroad Company, including but not limited to the following acts and omissions:

a.  Failure to remove obstructions which interfered with the public's view of the track;

b.  Failure to install and/or maintain all required warnings, cross bucks, signs and lights upon the track;

c.  Failure to maintain a smooth crossing surface for vehicles to traverse;

d.  Failure to remedy a dangerous condition and awareness of special dangers of said accident site;

e.  Failure to obey federal and state laws and regulations regarding the duties of railroad crossing owners, which are pleaded herein by reference, including but not limited to,

the Federal Railway Safety Act (49 U.S.C. § 20101, et seq.) 49 C.F.R. Part 212 and

Title 45, Chapter 6 of the Louisiana Revised Statutes;

f.   Failure to apply adopted standards and recognized best practices relative to this

railway crossing;

g.   Failure to provide and/or maintain required and/or adequate sight distances at this

railway crossing;

h.   Failure to maintain the trees and vegetation at this railway crossing such that the view

of motorists approaching the crossing was not obstructed;

i.   Failure to install active controls at this railway crossing or, alternatively, failure to

close this crossing, or to implement designations, rules, and/or procedures to

ameliorate the danger to motorists;

j.   Any and all other acts of negligence which will be proven at the trial of this matter.

12.

As a result of defendants' negligence enumerated hereinabove, petitioner Rockie Audrict

is entitled to reasonable damages, including but not limited to damages for past and future lost

wages and benefits; impairment of future earning capacity; past and future physical pain and

suffering; past and future mental and emotional pain and suffering; past and future medical

expenses; past and future loss of enjoyment of life; and additional damages to be shown at the

trial of this matter.

WHEREFORE, petitioner Rockie Audrict, prays that defendants be duly served and cited

to appear and answer this Complaint, all as provided by law, and that after all legal delays and

due proceedings be had, there be judgment rendered in favor of plaintiff, Rockie Audrict, and

against the defendants, National Railroad Passenger Corporation d/b/a Amtrak, Alabama Great

Southern Railroad Company, Textron Inc. d/b/a Textron Marine and Land Services and/or DL

Peterson Trust and Liberty Mutual Insurance Company, jointly, severally and in solido for

reasonable damages, with legal interest from date of demand until paid, all costs of these

proceedings, along with such other relief as law, equity and the nature of this case shall require.

Respectfully submitted,


BY:     /s/ Jodi Jacobs Aamodt
        _____
        **STANLEY J. JACOBS, #7211**
        **JODI JACOBS AAMODT, #21639**
        **JACOBS, MANUEL, KAIN & AAMODT**
        500 Saint Louis Street – Suite 200
        New Orleans, LA  70130
        Telephone:  (504) 523-1444
        Facsimile:  (504) 524-1655
        Attorneys for Plaintiff